# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONE LEROY EAST,<br><br>    Plaintiff,<br><br>    v.<br><br>BRENT WADMAN, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-913-AWI-MJS (PC)<br><br>ORDER TO SHOW CAUSE REGARDING THREE STRIKES<br><br>(ECF No. 4)<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Ebone LeRoy East ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was previously at Kern Valley State Prison. He has since been released from prison.

Plaintiff initiated this action on June 7, 2011. (ECF No. 1.) This action has yet to be screened pursuant to 28 U.S.C. § 1915A. It is proceeding on Plaintiff's Complaint against Defendants Wadman and Yubeta for alleged violations of Plaintiff's rights under the First, Eighth, and Fourteenth Amendments. Plaintiff seeks monetary relief.

## I.  THREE STRIKES

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed three or more actions that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

After careful review of the dismissal orders, the Court takes judicial notice that Plaintiff has one prior action dismissed for failing to state a claim for which relief can be granted under section 1983. That case is East v. County of San Bernardino, et al., 5:10-cv-1381-UA-E (PC) (C.D. Cal.) (dismissed September 21, 2010, for failure to state a claim and because defendants were entitled to immunity).

Furthermore, the Court takes judicial notice that the Plaintiff has four prior actions dismissed under Heck v. Humphrey, 512 U.S. 477 (1994) for not stating a cognizable claim under section 1983. Those cases are: 1) East v. Gidcumb, et al., 5:09-cv-1105-UA-E (PC) (C.D. Cal.) (dismissed June 17, 2009, for failure to state a claim under Heck); 2) East v. Pace, et al., 5:09-cv-1810-UA-E(PC) (C.D. Cal.) (dismissed October 1, 2009, for failure to state a claim under Heck and because many of the defendants were immune); 3) East v. San Bernardino County, 5:09-cv-02224-UA-E (PC) (C.D. Cal.) (dismissed December 11, 2009, for failure to state a claim under Heck); 4) East v. Hoops, 5:10-cv-0949-UA-E (PC) (C.D. Cal.) (dismissed July 8, 2010, for failure to state a claim under Heck). A dismissal pursuant to Heck counts as a strike under 28 U.S.C. § 1915(g). The Supreme Court in

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." Andrews v. King, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

Heck stated its ruling was based on a denial of "the existence of a cause of action." Heck, 512 U.S. at 489. Additionally, several other courts have held that dismissals under Heck count as strikes under 28 U.S.C. § 1915(g). See e.g., Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in Heck is legally frivolous."); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of Heck, the complaint was properly dismissed for failure to state a claim.").

It appears to the Court that Plaintiff had three or more strikes and became subject to section 1915(g) well before Plaintiff filed this action on June 6, 2011. Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis unless he is, at the time the Complaint was filed, under imminent danger of serious physical injury.

## II. **IMMINENT DANGER**

The Court has reviewed Plaintiff's Complaint and, based on the allegations therein, finds that Plaintiff does not meet the imminent danger exception. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he [imminent danger] exception applies if the complaint makes a plausible allegation that the prisoner faced an "imminent danger of serious physical injury at the time of filing." Andrews, 493 F.3d at 1055. The Ninth Circuit has found that "requiring a prisoner to 'allege [ ] an ongoing danger' ... is the most sensible way to interpret the imminency requirement." Id. (quoting Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998). To meet his burden under Section 1915(g), the inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague or conclusory allegations of harm are insufficient." White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Plaintiff alleges that as a result of exercising his right to free speech and freedom of expression under the First Amendment on May 6, 2012, he was assaulted by Defendants the next day. (Compl. at 9.) Defendants silenced and chilled Plaintiff by assaulting him.

(Id.)[2]  (Id.)  After the incident, Plaintiff was moved to the Behavioral Management Unit, an action that violated Plaintiff's due process rights under the Fourteenth Amendment.  (Id. at 12, 18.)  Plaintiff believes that this move was in violation of 15 CCR § 3334(g)[3] and the Due Process Clause of the Fourteenth Amendment.  (Compl. at 12, 17.)

At no point does Plaintiff allege facts that suggest he currently is facing imminent danger.  Inasmuch as he was released from prison after filing his Complaint. (ECF No. 8.)  It is unlikely that he is facing any ongoing threat from prison officials.  Plaintiff does not meet the imminent danger exemption.

### III. **CONCLUSION AND ORDER**

Because it appears that the Plaintiff has on three or more prior occasions brought civil actions that have been dismissed as frivolous or for failure to state a claim, the Court HEREBY ORDERS that Plaintiff SHALL SHOW CAUSE within fourteen (14) days of the date of service of this order why the abovementioned actions do not count as "strikes" under 28 U.S.C. § 1915(g) and why the action should not be dismissed without prejudice to allow Plaintiff to refile with the submission of the $350.00 filing fee.

-IT IS SO ORDERED.

Dated:   April 3, 2012                       /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE

---

[2] In his Complaint, Plaintiff repeats the elements necessary for a retaliation claim under the First Amendment and for an excessive force claim under the Eighth Amendment.  (Compl. at 9-10.)

[3] Plaintiff purports to cite to specific language in this section, but the quoted language does not appear anywhere in this regulation.