1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9
10

11 | EBONE LeROY EAST,                                 1:11-cv-0913-AWI-MJS (PC)

12 |                        Plaintiff,                FINDINGS AND RECOMMENDATIONS
                                                      FOR DISMISSAL OF PLAINTIFF'S
13 |                                                  COMPLAINT FOR FAILURE TO OBEY
         v.                                           A COURT ORDER
14 |
                                                      (ECF No. 9)
15 | BRENT WADMAN, et al.,

16 |                                                  OBJECTIONS DUE WITHIN
                        Defendants.                   FOURTEEN DAYS
17 |
     _____/
18

19          Plaintiff Ebone LeRoy East ("Plaintiff") is a former state prisoner proceeding pro se

20 | in this civil rights actions pursuant to 42 U.S.C. § 1983.

21          On April 3, 2012, the Court issued an Order directing Plaintiff to show cause why

22 | his earlier actions should not count as "strikes" under 28 U.S.C. § 1915(g) warranting

     dismissal of this action subject to refilling upon payment of the $350.00 filing fee.  (ECF
23
     No. 9.)  Plaintiff was given fourteen days in which to respond.  (Id.)  The April 17, 2012
24
     deadline has passed without Plaintiff responding to the Court's Order.
25
            Local Rule 110 provides that "failure of counsel or of a party to comply with these
26
     Rules or with any order of the Court may be grounds for imposition by the Court of any
27
     and all sanctions . . . within the inherent power of the Court."  District courts have the
28

1  inherent power to control their dockets and "in the exercise of that power, they may

2  impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.

3  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with

4  prejudice, based on a party's failure to prosecute an action, failure to obey a court order,

5  or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th

6  Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

7  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

8  amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

9  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

10  apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)

11  (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421,

12  1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local

13  rules).

14      In determining whether to dismiss an action for lack of prosecution, failure to obey

15  a court order, or failure to comply with local rules, the Court must consider several factors:

16  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

17  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

18  disposition of cases on their merits; and (5) the availability of less drastic alternatives.

19  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;

20  Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

21      In the instant case, the Court finds that the public's interest in expeditiously

22  resolving this litigation and the Court's interest in managing its docket weigh in favor of

23  dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of

24  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

25  in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The

26  fourth factor -- public policy favoring disposition of cases on their merits -- is greatly

27

28                                      -2-

1   outweighed by the factors in favor of dismissal discussed herein.   Finally, a court's

2   warning to a party that his failure to obey the court's order will result in dismissal satisfies

3   the "consideration of alternatives" requirement.   Ferdik v. Bonzelet, 963 F.2d at 1262;

4   Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's Order expressly stated

5   that Plaintiff was to show cause as to "why the action should not be dismissed without

6   prejudice to allow Plaintiff to refile with the submission of the $350.00 filing fee." (ECF No.

7   9.)   Thus, Plaintiff had adequate warning that dismissal would result from his

8   noncompliance with the Court's Order.

9       Based on the foregoing, the Court RECOMMENDS that this action be DISMISSED

10   based on Plaintiff's failure to obey a court order.

11       These Findings and Recommendations are submitted to the United States District

12   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

13   Within fourteen (14) days after being served with these Findings and Recommendations,

14   any party may file written objections with the Court and serve a copy on all parties.  Such

15   a document should be captioned "Objections to Magistrate Judge's Findings and

16   Recommendations." Any reply to the objections shall be served and filed within ten days

17   after service of the objections.  The parties are advised that failure to file objections within

18   the specified time may waive the right to appeal the District Court's order.  Martinez v. Y1

19   st, 951 F.2d 1153 (9th Cir. 1991).

20

21

22   IT IS SO ORDERED.

23   Dated:    May 10, 2012                        /s/  _Michael J. Seng_

24                                    UNITED STATES MAGISTRATE JUDGE

25

26

27

28                            -3-